MEMORANDUM **
Patrick A.T. Jones (“Jones”) appeals the district court’s grant of summary judgment in favor of the Washington Interscholastic Activities Association (“WIAA”). We review the district court’s grant of summary judgment de novo, Video Software Dealers Ass’n v. Schwarzenegger, 556 F.3d 950, 956 (9th Cir.2009), and we affirm.
Jones has not shown that a contractual right to coach football at a public high school is a “fundamental right” protected by the equal protection clause of the Fourteenth Amendment. See Dittman v. California, 191 F.3d 1020, 1031 n. 5 (9th Cir.1999) (“The [Supreme] Court has never held that the ‘right’ to pursue a profession is a fundamental right, such that any state-sponsored barriers to entry would be subject to strict scrutiny”). Jones also has not shown that football coaches are deserving of suspect classification as a protected class under the Fourteenth Amendment. See City of New Orleans v. Dukes, 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). Accordingly, because Jones has not asserted discrimination on the basis of a suspect class or denial of a fundamental right, the rational basis test applies to his equal protection claim. See id; McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961) (where the classification involved is not suspect and does not infringe upon fundamental rights, a statutory determination will not be set aside if any set of facts reasonably may be conceived to justify it).
The WIAA’s Out-of-Season Rule passes rational basis review because it is rationally related to the WIAA’s legitimate state interest of creating safe and equitable competition for student athletes. Any resulting incongruity between the treatment of public and private school coaches under the WIAA Out-of-Season Rule resulting from geographic school boundaries also passes rational basis review, as parallel regulatory schemes need not be perfectly identical, as long as they are rationally related to legitimate state interests. Mass. Bd. of Ret. v. Murgia, 427 U.S. 307, 314, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976).
The denial of Jones’ request for a waiver is within the WIAA’s discretionary decision-making authority and does not constitute arbitrary or capricious agency action because Jones was treated no differently from any other public school coach governed by the WTAA’s Out-of-Season Rule. See Chapman v. Pub. Util. Dist. No. 1 of Douglas Co., Wash., 367 F.2d 163, 168 (9th Cir.1966) (recognizing that when an action is “exercised honestly, fairly, and upon due consideration^ it] is not arbitrary and capricious, even though there may be room for a difference of opinion upon the course to follow”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9lh Cir. R. 36-3.